## A. J. JENNINGS *v.* WM. TURNER.

**Land—Decretal Sale—Defective Title.**
> Before land is sold by a commissioner all liens and claims against it should be settled in the suit, in order that the purchaser may know what he is buying.

### APPEAL FROM GARRARD CIRCUIT COURT.

#### December 16, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

After the sale of about 235 acres of appellant's land. by the master under a judgment which appellee claims to have purchased, this motion was made by appellant to open the biddings, without tendering the money to the accepted bidder, or making any proof that ony one was willing to pay more for the land, than the price bid by appellee, the motion was overruled, and appellant complains to this court.

If it only appeared that the land did not sell for a fair price without any extraneous facts operating to depress the price, and prevent competition in the bidding, this Court would not feel authorized to interfere; but on the trial of the motion, G. W. Dunlap, the commisioner who made the sale, was examined as a witness, and he proves when he. put the land up, he proclaimed that he would sell it subject to the contingent rights of Mrs. Jennings to dower in it, that a suit was then pending in the Court of Appeals involving the title, and that Clayton Anderson also asserted a lien on the land. That he expressed the opinion that Mrs. Jennings' contingent right to dower existed, and he would sell the

land subject thereto, and also to the final determination of the suit in the Court of Appeals, and to Anderson's claim to a lien, and the sale was so made.

It cannot be doubted that the certainty as to the character of the title which would pass by the sale from the satement of the Commissioner would deter those who might otherwise be disposed to purchase from bidding, prevent competition, and result in a sale to the more adventurous, who would only buy at a reduced price, leaving a margin to meet the alleged incumberances, if they should be made available.

It is shown by the evidence that a Mr. Buford said he desired to purchase the land; but the title was not clear, it was still in litigation, and he would not buy a law suit, and for that reason would not attend the sale, and it furthermore appears that the price bid for the land by appellee, and at which he claims to be the purchaser, is inadequate and that it would have brought from $3,000 to $4,000 more if the title had been relieved of the clouds which were over it at the time of the sale, or was worth that much more than it brought. As the record now presents the title Mrs. Jennings has no contingent right to dower and the alleged lien of Anderson is not made out, these questions, or at all events the claim of Anderson, should have been settled, and the bidders at the Commissioner's sale informed in regard to the title which they would acquire by their purchase. This conforms to the formed adjudications of this Court.

The motion was made before the sale was confirmed, and will be regarded as a motion to set it aside, which it is in effect.

Wherefore the judgment is reversed and the cause remanded to set aside the sale and for furthr proceedings consistent herewith.

*Bradley & McKee, for appellant.*

*Dunlap, for appellee.*